IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02129-PSF-MEH

NASIR FARAH,

    Plaintiff,

v.

DRIFTWOOD HOSPITALITY MANAGEMENT LLC., a Delaware Corporation; and
DHM DENVER HOTEL LESSEE, L.P., a Delaware Limited Partnership;
(d/b/a Holiday Inn City Center); and
SUNWAY DENVER ASSET MANAGEMENT COMPANY, a Colorado Corporation;
COLORADO SW HOTEL, INC., a Colorado Corporation; and
SAMCO I INVESTMENT LIMITED PARTNERSHIP, a Colorado Limited Partnership (a/k/a
SAMCO II INVESTMENT LIMITED PARTNERSHIP);
(d/b/a Holiday Inn Denver Downtown, Inc.); and
JOHN DOES 1-10

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of this Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case:

**IT IS ORDERED:**

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery created by the Federal Rules of

1

Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Confidential Information" shall apply to the following information:

(a) The parties and/or their representatives' or employees' personnel records;

(b) Defendants' business records, policies, manuals or other related documents;

(c) The parties and/or their representatives' medical records; and

(d) The parties and/or their representatives' financial and tax records.

The parties agree that some confidential records have already been produced, e.g. medical records and parties agree that these records will be treated as confidential information subject to this protective order.

4. CONFIDENTIAL documents, materials, and /or information (collectively "CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys

                actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for the defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings n this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Prior to disclosing and CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that her or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other

       appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party desiring to the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the party designating the information as CONFIDENTIAL fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party

designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. CONFIDENTIAL information shall not be disclosed or used for any other purpose except the preparation and trial of this case.

10. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C. Colo. L.Civ.R 7.2, in a sealed envelope, with the following statement typed conspicuously thereon:

    CONFIDENTIAL

    THIS DOCUMENT(S) IS FILED UNDER SEAL.  UNLESS OTHERWISE ORDERED BY THE COURT IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO PERSONS OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENT(S) UNDER THE PROTECTIVE ORDER ENTERED ON IN NASIR FARAH V. DRIFTWOOD HOSPITALITY MANAGEMENT LLC, ET. AL.

11. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each documents and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude other from obtaining such documents.  Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

12. If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of

        the other party and make every effort to prevent further disclosure.

13. This Protective Order is not intended to resolve any discovery objections on the grounds of attorney-client privilege or work product, nor is it intended to resolve the admissibility of any materials covered by this Protective Order.

14. The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties and any non-party acknowledging these terms pursuant to Paragraph 5 of this Protective Order.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 25th day of April, 2007.

BY THE COURT

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

The parties, by their respective attorneys of record, agree and stipulate to the entry of this Protective Order:

*s/ Diane King*
Diane S. King, Reg. No. 16925
Jason Cobb, Reg. No. 36549
KING & GREISEN, LLP
1670 York Street
Denver, CO 80206
Telephone: (303) 298-9878
FAX: (303) 298-9879
Email: *king@kinggreisen.com*
    *cobb@kinggreisen.com*
*Attorneys for Plaintiff*

*s/ Laura A. Hass*
Paul E. Collins, Reg. No. 15866
Laura A. Hass, Reg. No. 34561
TREECE, ALFREY, MUSAT & BOSWORTH, P.C.
999 18th Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 292-2700
FAX: (303) 295-0414
Email: *pcollins@tamblaw.com*
    *lhass@tamblaw.com*
*Attorneys for Sunway Defendants*

*s/ Megan Harry*
Philip W. Bledsoe, Reg. No. 33606
Megan Harry, Reg. No. 35796
SHUGART THOMSON & KILROY, P.C.
1050 17th Street, Suite 2300
Denver, Colorado 80265
Telephone: (303) 572-9300
FAX: (303) 572-7883
Email: *pbledsoe@stklaw.com*
    *mharry@stklaw.com*
*Attorneys for Driftwood Defendants*